YEATMAN
*v.*
ESTILL.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## LEE *v.* LACOSTE.

When a suit is brought on a note it need not be annexed to the petition. Act of 7 April, 1826, sec. 2. But if not annexed the defendant may pray oyer, and have it produced in a reasonable time.

The statement in a petition that a note on which the action is brought is made a part of the petition, when in truth the note was not filed at the time, is mere surplusage.

APPEAL from the District Court of Concordia, *F. H. Farrar*, J. *T. P. Farrar*, for the plaintiff. *Thomas* and *Snyder*, for the appellant. The judgment of the court was pronounced by

ROST, J. The defendant being sued on two promissory notes, subscribed by a commercial firm of which he was a member at the time, filed the following dilatory exceptions: 1st. That he speaks the french language as a mother tongue, and the petition is drawn alone in english; and that an imperfect copy of the petition in english alone was served upon him. 2d. That the petition expressly states that the notes sued on are made a part of it, and that they were not included in the copy served upon him. The court below having overruled these exceptions the defendant failed to answer, and a judgment by default was entered against him, which, on proof of the obligations, was made final. The defendant appealed.

The petition fulfills the requisites of art. 173 of the Code of Practice. It describes minutely the notes sued on, and leaves no doubt as to the object demanded. Art. 175 of that Code expressly provides that, when a suit is brought upon a note of the defendant, the note need not be annexed to the petition; and the only right it gives to the defendant, when it is not annexed, is to pray oyer of it, and to have it produced within a seasonable time. The statement that the notes were made a part of the petition, when in truth they were not filed at the time, was mere surplusage.

On the other ground, we are not prepared to say that a non-resident, accidentally found here and served with process, could avail himself of an exception intended for the benefit of that part of the population of the State speaking the french language as a mother tongue. But, admitting that he could, it is proved that the defendant is of french parentage; that he was born in New York, and educated in France; and that he speaks english at least as well as french. One of the witnesses says that french is so much his mother tongue that it can be detected in speaking english. Another witness swears that there is nothing in him to indicate a frenchman. This evidence does not satisfactorily establish the specific fact alleged, that french is the mother tongue of the defendant. On the contrary, the fact that, after being educated in France and having gone

there from New York at the age of 10 or 12 years, he speaks english as well as french, raises a very strong presumption that english is the first language he spoke. Persons learning it at an advanced age seldom acquire it so perfectly. We cannot say that the judge erred in overruling the exceptions, and we are satisfied there is no error in the judgment appealed from.

*Judgment affirmed.*